Argued and submitted December 30, 2008, remanded for resentencing; otherwise affirmed January 28, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTONIO LUIS GARCIA-MENDOZA,
*Defendant-Appellant.*

Marion County Circuit Court
95C22353; A132960

202 P3d 191

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Antonio Luis Garcia-Mendoza filed the appellant's supplemental brief *pro se*.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant approached his former girlfriend and her companion while they were seated in the front seat of a truck. From close range, he shot the companion in the head through the driver's window of the truck, and then reached in and shot his former girlfriend in the head. He was convicted of two counts of attempted aggravated murder, one for each victim, and two counts of first-degree assault, related to both victims. The court purportedly made the sentence for each assault conviction consecutive to its related attempted murder conviction under ORS 137.123(5)(a). ORS 137.123(5) provides, in part:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense[.]

"(b)   [set out below]"

On appeal, defendant contends that the fact of a single shooting at close range into the head of a victim, without more, does not support a finding of willingness to commit more than one crime and that the court erred in imposing consecutive sentences under ORS 137.123(5)(a). We agree. This case is not distinguishable from *State v. Warren*, 168 Or App 1, 5 P3d 1115, *rev den*, 330 Or 412 (2000). *Warren* also involved a gunshot to the victim's head at close range, resulting in consecutive sentences for convictions of attempted murder and first-degree assault. We held:

"If defendant intended to kill the victim by the single shot to the victim's head, he could not have had the intent only to cause him serious physical injury. The statute requires more than an incidental violation of a separate statutory provision in the course of a commission of a more serious crime as a basis for a consecutive sentence. The firing of a

single shot into the victim's head by defendant could demonstrate a willingness to commit the crime of murder, but in the absence of findings of other facts that demonstrate a willingness to commit the additional offense of first-degree assault, it was error to impose consecutive sentences under ORS 137.123(5)(a)."

*Id.* at 5. The same result is required in this case.

The state argues that the consecutive sentences are justifiable under ORS 137.123(5)(b), which allows consecutive sentences on findings that the "criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury, or harm to the victim * * *." The trial court did not conclude that consecutive sentences were authorized under ORS 137.123(5)(b) and made no supportive findings in that regard. We will not engage in independent factfinding on appeal. The trial court can consider ORS 137.123(5)(b) on remand in light of our decision in *State v. Rettmann*, 218 Or App 179, 178 P3d 333 (2008).

We reject defendant's statutory speedy trial claim under ORS 135.747 without discussion.

Remanded for resentencing; otherwise affirmed.