243 P.3d 151 (2010)
239 Or. App. 30
STATE of Oregon, Plaintiff-Respondent,
v.
Randy Vincent MOORE, aka Randy Vincent Dickey, Defendant-Appellant.
07C41582; A138866.
Court of Appeals of Oregon.
Submitted February 24, 2010.
Decided November 24, 2010.
*152 Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.
Before LANDAU, Presiding Judge, and SCHUMAN, Judge, and ORTEGA, Judge.
LANDAU, P.J.
Defendant appeals a judgment of conviction for one count of theft in the first degree, ORS 164.055, and one count of unauthorized use of a vehicle, ORS 164.135. He assigns error to the court's imposition of a $1,455.36 compensatory fine to be paid to Infinity Insurance Company (Infinity) as part of his sentence. We conclude that the trial court erred in imposing the fine and therefore reverse and remand for resentencing and otherwise affirm.
The relevant facts are undisputed. In 2001, defendant reported his 2001 Ford Focus stolen. He was insured by the Great American Insurance Company (Great American). Based upon defendant's claim, Great American paid off the lien holder of the car in the amount of $13,667.55 and filed a salvage title listing it as the owner of the car.
In 2006, defendant contacted Infinity, Great American's "sister company." Infinity is located in California, and its salvage department apparently handles all of Great American's salvage titles. The precise nature of its relationship with Great American, however, is not clear from the record.
Defendant told Infinity that he had regained possession of the car, made certain repairs to it, and wanted the title of the car changed back to his name. He did not tell Infinity that he had previously reported the car stolen and that Great American had paid off the claim. Infinity discovered that Great American had paid the lienholder. It then requested defendant either return the car or *153 pay the $13,667.55. Defendant refused to pay or return the car. At that point, Infinity notified the authorities of the location of the vehicle. A Salem police officer discovered the car in defendant's driveway and later recovered the car for Infinity.
Defendant was charged with, and convicted of, theft in the first degree and unauthorized use of a vehicle. Infinity assisted in the prosecution of defendant by voluntarily paying for several employees to travel to Oregon to testify in defendant's criminal trial.
At sentencing, the state requested that defendant's sentence include restitution under ORS 137.106 to compensate Infinity for $1,455.36 in costs associated with its employees traveling to Oregon to be witnesses in defendant's trial. Defendant objected, arguing that such costs were not covered by the restitution statute because they were essentially "the cost of prosecution." The court agreed with defendant that such costs could not be recovered as restitution. But it ordered defendant to pay those costs as a compensatory fine under ORS 137.101, payable to Infinity. Defendant renewed his objection on the same grounds. After noting defendant's objection, the trial court imposed a fine of $100, under ORS 161.625, and a compensatory fine of $1,455.36, under ORS 137.101.
On appeal, defendant argues that the trial court erred in imposing a compensatory fine under ORS 137.101 for three reasons. First, defendant argues that there is no evidence in the record that Infinity could recover the costs associated with the appearance of witnesses in the criminal trial as damages in a civil action. Second, defendant argues that, even if the witness-travel costs would be recoverable in a civil action, there is no evidence in the record that this loss would not be outweighed by the alleged windfall Infinity received when it recovered the car in better condition than when it lost the car. Although not entirely clear from defendant's brief, this argument seems to be an extension of his first argument, asserting that the trial court should not have granted a compensatory fine for the witness-travel costs because at a civil trial that loss would be outweighed by some related windfall. Third, defendant argues that the trial court erred in imposing the $1,455.36 compensatory fine in addition to the $100 fine the court had already determined applicable. According to defendant, under ORS 137.101(1), the court has authority to order a defendant to pay the victim a compensatory fine only as a portion of a fine that it has imposed as a penalty. In this case, defendant argues, because the court imposed only a $100 fine as a penalty, it lacked authority to order him to pay $1,455.36 to Infinity as a compensatory fine.
As to defendant's first argument, the state contends that, because it is clear that Infinity suffered some harm that could be recovered in a civil action, the fact that it might not be able to recover its witness costs in such an action is irrelevant. As to the second argument, the state contends that the argument was not preserved and does not amount to plain error. As to the defendant's third argument, the state similarly asserts that defendant did not preserve the error. The state acknowledges, however, that the error is one of law and is apparent on the face of the record. The state nevertheless asserts that we should not exercise our discretion to correct the error, because, on remand, the trial court could simply impose a fine of $1,555.36 as a penalty, combining the $100 and $1,455.36 it originally imposed separately.
We need not address defendant's first two arguments, because the third is dispositive. In brief, we agree with defendant and the state that the trial court's order to pay $1,455.36 as a compensatory fine was plainly erroneous, and, because it is not as clear as the state suggests that the trial court would, or could, simply impose the same amount as a penalty, we exercise our discretion to correct the error and, therefore, remand for reconsideration.
ORS 137.101(1) does not itself authorize a court to impose a fine, compensatory or otherwise. State v. Lovelace, 94 Or.App. 586, 591, 767 P.2d 80, rev. den., 307 Or. 571, 771 P.2d 1021 (1989) ("ORS 137.101(1) is not the source of the authority to impose a fine."). The source of authority to impose a fine for *154 felonies rests in ORS 161.625(1), which authorizes the imposition of fines up to $100,000. What ORS 137.101(1) does is authorize the court to order the state to share a portion of any fine that the court imposes with the victim or victims of the crime of conviction. The statute provides:
"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."
ORS 137.101(1). Thus, "[w]henever the court imposes a fine as [a] penalty," the statute authorizes the court to order the defendant to pay "any portion of the fine" that is, the fine that the court imposed as a penaltyto the clerk of the court for payment to the victim or victims. The key provision for the purposes of this appeal is the requirement that any amount that the court orders a defendant to pay to the victim or victims must be a "portion of the fine" that the court has imposed under ORS 161.625(1).
In this case, it is undisputed that the court imposed a fine of $100 under ORS 161.625(1). The court then ordered that defendant pay, in addition to that fine, a "compensatory fine" of $1,455.36. That was erroneous. There is no statutory authority for a court to award, in addition to a fine imposed under ORS 161.625(1), a compensatory fine under ORS 137.101(1). As both defendant and the state agree, the trial court's imposition of an additional $1,455.36 compensatory fine amounts to plain error; that is, the error is one of law, is apparent, and appears on the face of the record. Ailes v. Portland Meadows, Inc., 312 Or. 376, 381-82, 823 P.2d 956 (1991); see also State v. Harrington, 229 Or.App. 473, 476-77, 211 P.3d 972, rev. den., 347 Or. 365, 222 P.3d 1091 (2009) (imposition of compensatory fine contrary to statute is plain error).
The question, then, is whether we should exercise our discretion to review the error. The state contends that we should not do so. According to the state, because a fine of $1,455.36 is well within the statutory limit imposed by ORS 161.625(1), the trial court on remand could simply impose a fine in that amount and then, under ORS 137.101(1), order that it be paid to Infinity, resulting in a "repetitive and unnecessary proceeding."
The existence of plain error does not automatically lead to its correction. As the Supreme Court explained in Ailes, the facts of each case may or may not make it appropriate for this court to exercise its discretion to correct such an error. 312 Or. at 382, 823 P.2d 956. Among the factors that we are to consider is whether a remand would result in "unnecessary, repetitive sentencing proceedings." State v. Fults, 343 Or. 515, 523, 173 P.3d 822 (2007). As we have noted, that is the factor on which the state relies in urging us not to remand for a correction of the error in this case.
The problem with the state's argument is that it is not so certain that the trial court would impose a fine of $1,555.36, as opposed to $1,455.36, depending on whether it chose to add the two amounts from the original judgment. Nor is it altogether clearand we express no opinion on the matter at this juncturethat the trial court could order defendant to pay Infinity, given the state of the record. As we have noted, the record appears to show that it was Great American, not Infinity, that owned the vehicle that is the subject of defendant's offenses. It is not clear from the record precisely what the relationship between the two companies is, other than that they are, in some undefined sense, "sister companies." Given the uncertainty about Infinity's relationship to Great American, and thus to the stolen vehicle, it is not clear to us how Infinity could recover damages in a civil action for its witness expenses or how, in any other sense, it was the *155 victim of defendant's criminal activity. We leave that to the parties and to the trial court on remand.
Reversed and remanded for resentencing; otherwise affirmed.