Argued and submitted October 31, affirmed December 17, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM STEVEN TRAYLOR,
*Defendant-Appellant.*

Lane County Circuit Court
201217903A, 201221295;
A153362 (Control), A153363

341 P3d 156

Mary M. Reese, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Patrick M. Ebbett, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Lagesen, Presiding Judge, and Armstrong, Judge, and Wollheim, Senior Judge.

LAGESEN, P. J.

**LAGESEN, P. J.**

On appeal from convictions for first-degree theft, second-degree burglary, first-degree criminal-mischief, and failure to appear, defendant challenges the trial court's decision to impose consecutive sentences on the burglary and criminal-mischief convictions. He also makes an unpreserved challenge to the amount of the restitution imposed by the trial court. We affirm.

On an early morning, defendant and Charles Stevenson cut a hole in the fence surrounding the premises of General Trailer, Inc., a trailer manufacturer in Springfield, and either passed through or over that fence. They then entered a shop building at the site by cutting and peeling back a metal door. They also cut several small holes in the metal wall of the building. Once inside the shop building, they cut the copper wire leads off of five welding machines in the shop. Their activities were detected by General Trailer's video security service, which alerted police, who arrived at the premises in time to apprehend defendant and Stevenson.

Based on that conduct, defendant was charged with, and convicted by a jury of, second-degree burglary, first-degree theft, and first-degree criminal-mischief.[1] The burglary charge was predicated on defendant's act of breaking into the shop building with the intent to comment theft. The criminal-mischief charge was predicated on defendant and Stevenson's path of property destruction accompanying the other crimes:

> "The defendant[], on or about August 27, 2012 in Lane County, Oregon did unlawfully and with intent to damage property, damage a fence, a building, welding leads and other property, in a total amount exceeding One Thousand Dollars ($1,000), the property of General Trailer Co. and James Fritz, defendant[] having no right to do so nor reasonable grounds to believe that defendant[] had such right[.]"

---

[1] Stevenson was charged with committing the same offenses in the same indictment, although Stevenson was not tried at the same time as defendant. Later, when defendant failed to appear in court on one of the scheduled court dates associated with the charges, he was charged with failure to appear. As noted, he was convicted on that charge as well.

At sentencing, the trial court imposed consecutive sentences under ORS 137.123(5)(a)[2] on the burglary and criminal-mischief convictions. In accordance with that provision, the court found that defendant's criminal-mischief conviction did not represent "merely an incidental violation of" the criminal-mischief statute, ORS 164.365,[3] in the course of the burglary but, instead, indicated defendant's willingness to commit a "whole separate offense." The court found that defendant did not need to cause the extent of property destruction that he did in order to commit burglary; in particular, the court found that defendant did not need to cut a hole in the fence to accomplish his crimes because the evidence showed that the police officers that responded to the scene were able to "hop over the fence." From those facts showing that, in committing criminal mischief, defendant caused more property damage than necessary to accomplish the burglary, the court inferred that, in committing criminal mischief, defendant showed "a willingness to commit more than one criminal offense." ORS 137.123(5)(a). The trial court also awarded restitution in the amount of $2,350; defendant did not contest the amount of restitution before the trial court. Defendant timely appealed and, as noted, assigns error to the trial court's decision to impose consecutive sentences on the burglary and criminal-mischief charges and to the award of restitution.

We review a trial court's decision to impose consecutive sentences for errors of law and to determine whether the trial court's predicate factual findings are supported by

---

[2] ORS 137.123(5) states, in part:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense[.]"

[3] ORS 164.365 provides, in relevant part:

"(1) A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right:

"(a) Damages or destroys property of another:

"(A) In an amount exceeding $1,000[.]"

any evidence in the record. *State v. Anderson*, 208 Or App 409, 417, 145 P3d 245 (2006), *rev den*, 343 Or 33 (2007); *State v. Warren*, 168 Or App 1, 5, 5 P3d 1115, *rev den*, 330 Or 412 (2000). Pertinent to this appeal, a trial court's determination under ORS 137.123(5)(a) that, in committing a particular offense, a defendant showed "a willingness to commit more than one criminal offense" is a factual determination that we review under the "deferential standard of review" of whether there is any evidence in the record to support that finding. *Anderson*, 208 Or App at 417, 422 (determination under ORS 137.123(5)(a) is "a product of the discrete facts of each case and inferences reasonably derived from those facts" (internal quotation marks omitted)); *see also Warren*, 168 Or App at 5 (reviewing trial court's findings under ORS 137.123(5)(a) under "any evidence" standard).

That standard of review disposes of defendant's challenge to the imposition of consecutive sentences. Here, the evidence is sufficient to support the trial court's finding that, in committing the conduct underlying the criminal-mischief conviction—cutting a hole in the fence, cutting holes in the shop building, peeling back the door of the shop building, and cutting the leads off of the welding machines—defendant indicated a willingness to commit more than the offense of burglary. That is because the record supports the trial court's factual finding that at least some of the property damage that defendant caused—primarily, the hole in the fence—was not necessary for the commission of the burglary. The fact that defendant was more destructive of property than he needed to be in the manner in which he conducted the burglary, in turn, permits the inference that defendant was willing to commit the separate offense of criminal mischief in addition to the offense of burglary. The trial court, therefore, did not err in imposing consecutive sentences on the burglary and criminal-mischief convictions.

Defendant also raises an unpreserved challenge to the trial court's award of restitution. Defendant notes that the trial court awarded the replacement cost of the leads cut from the five welding machines, even though General Trailer did not have to replace those leads, but was able to reinstall them. Based on those facts, defendant argues that the trial court had no "statutory authority" to award the

replacement cost of the leads as restitution, notwithstanding the fact that defendant did not object to the amount of the award of restitution below.

We decline to review defendant's challenge to the restitution award because it is not preserved and it does not qualify for plain error review. An alleged error that is not preserved is not reviewable as "plain error" if the lack of preservation may have resulted from a strategic decision by the trial lawyer of the party asserting the error. *State v. Gornick*, 340 Or 160, 169-70, 130 P3d 780 (2006).

Here, it is possible that defense counsel did not object to the amount of restitution for strategic reasons. At the time of sentencing, when the trial court determined the restitution award, the state requested restitution for some, but not all, of the property damage that defendant caused. Had defense counsel objected, the state could have sought to present additional evidence within 90 days of the repair cost for the machine—a value that may or may not have been greater than the amount of restitution awarded. *See* ORS 137.106(1)(a) (requiring district attorney to present evidence supporting award of restitution "at the time of sentencing *or within 90 days after entry of the judgment*" (emphasis added)). The state also could have sought to present evidence of the balance of the property damage caused by defendant, potentially leading to a larger award of restitution against defendant. Under those circumstances, the restitution award is not plainly erroneous.

Affirmed.