Submitted September 6; reversed and remanded for resentencing, otherwise affirmed October 19, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JARED L. NICHOLS,
*Defendant-Appellant.*

Malheur County Circuit Court
1310617C; A158579

383 P3d 988

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Melichar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

In this criminal case, defendant appeals a judgment convicting him of second-degree theft. *See* ORS 164.045(2) ("Theft in the second degree is a Class A misdemeanor."). He challenges the trial court's imposition of a $3,000 compensatory fine, contending that the court plainly erred in imposing the fine. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."); *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (to qualify as plain error, a claimed unpreserved error (1) must be one of law, (2) be obvious, not reasonably in dispute, and (3) appear on the face of the record such that the reviewing court need not go outside the record to identify the error or choose between competing inferences, and the facts that make up the error must be irrefutable).

As defendant explains, under ORS 161.635, a sentencing court may impose up to a $6,250 fine for a Class A misdemeanor.[1] ORS 137.101(1) authorizes the court to order the state to share a portion of that penalty fine with a victim of the offense.[2] *State v. Moore*, 239 Or App 30, 35, 243 P3d 151 (2010) (the statute "authorizes the court to order the defendant to pay 'any portion of the fine'—that is, the fine that the court imposed as a penalty—to the clerk of the court for payment to the victim or victims"). Here, however, the court imposed a $250 punitive fine under ORS 161.635 and,

---

[1] Under ORS 161.135(1),

"[a] sentence to pay a fine for a misdemeanor shall be a sentence to pay an amount, fixed by the court, not exceeding:

"(a) $6,250 for a Class A misdemeanor."

[2] ORS 137.101(1) provides:

"Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed by the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

in addition, ordered defendant to pay a $3,000 compensatory fine under ORS 137.101(1). According to defendant, the court had no statutory authority to award, in addition to a fine imposed under ORS 161.635(1), a compensatory fine under ORS 137.101(1). The state concedes, and we agree, that the trial court plainly erred in imposing the $3,000 compensatory fine in this case. *See Moore*, 239 Or App at 34 ("ORS 137.101(1) does not itself authorize a court to impose a fine, compensatory or otherwise."). Put another way, the only fine that could be assessed in this case is a punitive fine under ORS 161.135(1), and it was error to assess an additional fine.

Defendant further asserts that it is appropriate for us to exercise our discretion to consider the error in this case because the gravity of the error and the ends of justice weigh in favor of doing so, and because he objected to the imposition of the fine on a different basis and had no plausible strategic reason for failing to make the correct objection to the fine. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (appellate court must exercise discretion to consider plain error). The state concedes that it is appropriate to exercise our discretion to review the error under the circumstances presented. We agree and, for the reasons set forth herein, exercise our discretion to correct the error. *See also Moore*, 239 Or App at 35-36 (exercising discretion to correct a similar error).

The state contends, further, that, on remand, the trial court can consider imposing an increased punitive fine and allocating a portion of that fine to the victims as compensation. The state asserts that the trial court made clear its intent to compensate the victims in this case "for the time and money they had spent gathering evidence against defendant and attending court hearings." It concluded it could do so by imposing a compensatory fine, but not through restitution. According to the state, to accomplish its objective, the court could impose a punitive fine of at least $3,000 and then order that fine to be paid to the victims pursuant to ORS 137.101(1).[3] Defendant asserts that that judgment is

---

[3] Notwithstanding its concession that we should exercise our discretion to review the sentencing error, the state implies that we should not because the same judgment, albeit in a different form, will result on remand.

not likely because the victims do not have a "remedy by civil action" for those expenses under ORS 137.101(1). "We leave that to the parties and to the trial court on remand." *Moore*, 239 Or App at 36 (reversing and remanding for resentencing under similar circumstances).

Reversed and remanded for resentencing; otherwise affirmed.