Submitted December 16, 2015, remanded for resentencing; otherwise affirmed
March 15, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY JONATHAN BYAM,
*Defendant-Appellant.*

Lane County Circuit Court
201322117; A156994

393 P3d 252

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Haselton, Senior Judge.

**HASELTON, S. J.**

Defendant pleaded guilty to several charges, including robbery in the first degree, ORS 164.415(1)(b), and unauthorized use of a motor vehicle (UUV), ORS 164.135(1)(a), arising from an incident in which he acquired the keys to a car after threatening the owner with a knife, and then drove away. He appeals the consequent judgment, asserting that the trial court, in imposing sentence, erred in directing that the sentence for UUV be served consecutively to, rather than concurrently with, the sentence for first-degree robbery. Specifically, defendant contends that the court erred in determining that the UUV was "not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious offense but rather was an indication of defendant's willingness to commit more than one criminal offense[.]" ORS 137.123(5)(a). For the reasons that follow, we conclude that the trial court so erred and, consequently, we remand for resentencing but otherwise affirm. ORS 138.222(5)(a).[1]

The circumstances material to our review are simple and undisputed. Defendant approached the victim, Feist, who was putting his laptop into his car, which was parked on a street in Eugene. Defendant first asked Feist for some change, and Feist complied—and then, after a brief interchange, defendant demanded the keys to Feist's car. Feist initially refused, saying something akin to "Are you serious?" Defendant then pulled out a knife, brandishing it in Feist's face, and Feist gave defendant his keys. Defendant drove away in Feist's car, and the following day, while being pursued by a police officer and while under the influence of methamphetamine, defendant "slammed [Feist's car] into a brick wall outside a Wendy's" restaurant in Springfield.

Defendant was charged by indictment with a variety of crimes, including, as germane to our consideration, first-degree robbery (Count 1) and UUV (Count 2), and subsequently

---

[1] ORS 138.222(5)(a) provides:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

pleaded guilty to all charges.[2] The trial court imposed the statutorily prescribed presumptive sentence of 90 months' incarceration and three years' post-prison supervision on the conviction for first-degree robbery, *see* ORS 137.700 (2)(a)(Q)—and then, notwithstanding defendant's objection, imposed a consecutive, rather than concurrent, sentence of 52 months' incarceration and eight months' post-prison supervision on the UUV conviction.[3] In doing so, the court determined that, although the first-degree robbery and the UUV both arose from the same "continuous and uninterrupted course of conduct," the latter was "not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense." ORS 137.123(5)(a).[4]

On appeal, defendant's sole assignment of error pertains to the imposition of the consecutive, rather than concurrent, sentence for UUV. In that regard, defendant contends:

"The facts of this case—in the light most favorable to the court's finding—were that defendant threatened to use

___

[2] Defendant was also charged with, and pleaded guilty to, felony fleeing or attempting to elude a police officer in a vehicle, ORS 811.540(1)(b)(A); and the misdemeanors of driving under the influence of intoxicants, ORS 813.010; reckless driving, ORS 811.140; recklessly endangering another person, ORS 163.195; driving while suspended or revoked, ORS 811.182(4); and fleeing or attempting to elude a police officer on foot, ORS 811.540(1)(b)(B).

[3] That prison term was imposed as an upward durational departure from the presumptive sentence for UUV for an offender with defendant's criminal history. *See* ORS 137.717.

[4] ORS 137.123(5)(a) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense[.]"

The state did not, in this case, suggest that a consecutive sentence for UUV could be alternatively imposed under ORS 137.123(5)(b), which provides, *inter alia*, for the imposition of a consecutive sentence for an offense committed during the same "continuous and uninterrupted course of conduct" where that offense "caused * * * greater or qualitatively different loss, injury or harm to the victim" than others committed during that same course of conduct.

a knife in order to take a car. Defendant committed the robbery to possess the car and he was able to possess the car only by committing the robbery. Because the robbery and the [UUV] were so intertwined, it cannot be said that one is not incidental to the other or that defendant did not need to commit one crime in order to commit the other. To the contrary, under the facts of this case, defendant could not have committed the [UUV] without committing the robbery; the car owner refused to hand over his keys until defendant threatened to use a knife."

The state remonstrates:

"Viewing the charges and the facts from a practical, real world perspective, it is plain that defendant exhibited a willingness to commit more than one offense. Defendant robbed the victim of [his] car keys at knifepoint. He then operated the victim's vehicle without the victim's permission. Defendant did not have to commit both offenses. Instead, he demonstrated that he was willing to both rob the victim of his belongings and that he was willing to unlawfully operate the victim's vehicle."[5]

(Internal quotation marks omitted.)

We agree with defendant. As we once observed, ORS 137.123(5)(a) "is, in many ways, amorphous—and perhaps inscrutable." *State v. Anderson*, 208 Or App 409, 415, 145 P3d 245 (2006), *rev den*, 343 Or 33 (2007). Nevertheless, if the conditions that statute prescribes for the imposition of consecutive sentences are to have any meaningful practical application, they must, in the absence of explicit evidence of multiple intents, preclude the imposition of consecutive sentences where, as here, the same act (obtaining the victim's keys through the use of a dangerous weapon), undertaken to achieve the same end (the exercise of control over the victim's car), concurrently violated both criminal statutes. In such circumstances, the two criminal offenses are so inextricably intertwined that the consecutively sentenced offense (here, the UUV) is, necessarily, "incidental" to the "more serious crime" (here, the first-degree robbery) and cannot be deemed "an indication of defendant's willingness to commit more than one criminal offense." ORS 137.123(5)(a).

---

[5] The state also asserts that defendant failed to preserve his appellate challenge. We reject that contention without further discussion.

Our conclusion derives from the relationship between the uncontroverted facts, with reasonable inferences necessarily viewed in the light most favorable to the trial court's findings, *see Anderson*, 208 Or App at 417; *see also State v. Traylor*, 267 Or App 613, 616, 341 P3d 156 (2014), and the predicate criminal statutes. As pertinent here, a person commits first-degree robbery "if the person violates ORS 164.395 and the person * * * [u]ses or attempts to use a dangerous weapon." ORS 164.415(1)(b). ORS 164.395, in turn, provides, in part:

"(1)   A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a)   Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

ORS 164.395(1)(a).[6]

ORS 164.135 provides that a person commits UUV when, *inter alia*, "[t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]" ORS 164.135(1)(a). *See generally State v. Civil*, 283 Or App 395, 400-415, 388 P3d 1185 (2017) (comprehensively addressing the statute's operation). The gravamen of "exercise control over" for purposes of UUV is to "deprive the rightful possessor of possession or to otherwise interfere with the rightful possessor's use of the vehicle." *State v. Douthitt*, 33 Or App 333, 338, 576 P2d 1262 (1978); *see also State v. Howell*, 183 Or App 360, 366-67, 51 P3d 706 (2002) (affirming UUV conviction under

---

[6] The allegations of Count 1 tracked and incorporated the quoted statutory language:

"The defendant, on or about November 16, 2013, in Lane County, Oregon, in the course of committing and attempting to commit unauthorized use of a vehicle and theft, did unlawfully use and threaten the immediate use of physical force upon [Feist], with the intent of preventing and overcoming resistance to defendant's taking of property and retention of the property immediately after the taking, while using and attempting to use a dangerous weapon; contrary to statute and against the peace and dignity of the State of Oregon[.]"

ORS 164.135(1)(a) where the defendant was found sleeping in a car parked in a residential garage with the "title to the car in his pocket and spare keys to the car in his lap").[7]

Here, by obtaining the victim's car keys through the use of a dangerous weapon, defendant concurrently, by a single act, violated both ORS 164.415(1)(b) and ORS 164.135(1)(a). That is, in the totality of the circumstances of this case, defendant (1) in taking the victim's car keys, "interfer[ed] with the rightful possessor's use of the vehicle," *Douthitt*, 33 Or App at 338, thus "exercis[ing] control over * * * another's vehicle * * * without consent of the owner," ORS 164.135(1)(a); and (2) by virtue of his concomitant use of a dangerous weapon to effectuate that taking, concurrently committed first-degree robbery. To be sure, because of defendant's use of a dangerous weapon, the first-degree robbery was the "more serious crime," ORS 137.123(5)(a), but, given that the robbery, which was undertaken to obtain possession of the keys (and, hence, the car), concurrently effectuated the UUV, the violation of ORS 164.135(1)(a) was, on this record, necessarily incidental to the violation of ORS 164.395(1)(a). *See State v. Garcia-Mendoza*, 225 Or App 497, 498, 202 P3d 191 (2009) (consecutive sentences for first-degree assault and attempted aggravated murder imposed under ORS 137.123(5)(a) were improper when both convictions were premised on a single gunshot to a single victim, in the absence of other facts demonstrating that the defendant had a willingness to commit *both* assault and murder); *State v. Warren*, 168 Or App 1, 6, 5 P3d 1115, *rev den*, 330 Or 412 (2000) (same).

That conjunction dispositively distinguishes this case from others in which we have sustained the imposition of consecutive sentences under ORS 137.123(5)(a). For example, in *State v. Martinez*, 270 Or App 423, 428, 348 P3d 285, *rev den*, 357 Or 640 (2015), where the defendant had been convicted of attempted aggravated murder and first-degree robbery based on conduct arising out of a continuous and uninterrupted course of conduct, we affirmed the

---

[7] *Cf. State v. Pusztai*, 269 Or App 893, 898-901, 348 P3d 241 (2015) (comparing and contrasting the requisite mental states of UUV and "theft," as defined in ORS 164.015, and concluding that UUV is not a "prosecution for theft" for purposes of availability of an "honest claim of right" defense under ORS 164.035(1)).

imposition of a consecutive sentence on the robbery conviction, reasoning that, because the defendant had "committed robbery *before* he tried to kill the victim, * * * the actions that constituted the two offenses were distinct both temporally and qualitatively," rendering the robbery "not 'merely incidental'" to the attempted aggravated murder. (Emphasis in original.) *Accord Anderson*, 208 Or App at 422-23 (affirming imposition of consecutive sentence for second-degree assault committed in the course of a first-degree robbery where, in the totality of the circumstances, the record permitted a reasonable inference that, in assaulting the victim, the defendant consciously elected to do so more severely than necessary to discourage pursuit, evincing the requisite willingness to commit separate offenses).

The state, responding to one of defendant's propositions, *see* 284 Or App at 404-05, contends that the imposition of a consecutive sentence for UUV was nevertheless permissible because defendant "did not have to rob the victim of his car keys to be able to use the victim's vehicle." Whatever the factual validity of that assertion,[8] it misses the mark legally. That is so not only because the "did not have to commit" construct is far from categorical, *see Anderson*, 208 Or App at 419,[9] but also—and far more importantly— because the ultimate referent for that construct is whether, in committing the "more serious crime," the defendant did not have to commit the crime "for which a consecutive sentence is contemplated." *See, e.g., Traylor*, 267 Or App at 616 (affirming imposition of consecutive sentence for criminal mischief committed during a burglary: "The fact that defendant was more destructive of property than he needed to be in the manner in which he conducted the burglary, in turn,

---

[8] As noted, it is undisputed that Feist refused defendant's initial demand to give him the car keys—and did so only after defendant brandished the knife. *See* 284 Or App at 403.

[9] As we observed in *Anderson*,

"construing ORS 137.123(5)(a) as permitting the imposition of consecutive sentences *anytime* a defendant 'need not' have committed one offense while committing the other would mean that consecutive sentences could be imposed in *every* case involving multiple (nonmerged) convictions from a continuous and uninterrupted course of conduct. In that event, ORS 161.067(1) [governing merger] and ORS 137.123(5)(a) would be, effectively, congruent."

208 Or App at 418-19 (emphases in original).

permits the inference that defendant was willing to commit the separate offense of criminal mischief in addition to the offense of burglary."); *Anderson*, 208 Or App at 422-23 (circumstances surrounding the defendant's commission of an assault during a robbery supported reasonable inference that the defendant's conduct "evinced a choice, a 'willingness,' to commit second-degree assault in addition to first-degree robbery").

Thus, here, the ultimate inquiry is not whether defendant could have committed UUV without committing the robbery—but, instead, whether defendant could have committed the robbery without committing UUV. Given the concurrence of the two crimes committed by the same act, and in the absence of any evidence permitting a reasonable inference of the requisite "multiple 'willingness,'" *Anderson*, 208 Or App at 422, the record is legally insufficient to support a determination that, in these circumstances, defendant was willing to commit UUV in addition to first-degree robbery. *See, e.g., Garcia-Mendoza*, 225 Or App at 498. Accordingly, the trial court erred in imposing a consecutive sentence for UUV (Count 2).

Remanded for resentencing; otherwise affirmed.