Submitted September 30; remanded for resentencing, otherwise affirmed
November 27, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL RYAN CURRAN,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR36012; A167345

455 P3d 1041

Walter Randolph Miller, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

During an active episode of a schizoaffective disorder, defendant repeatedly drove his car into the rear end of a minivan (carrying the driver and five passengers). For that conduct, the trial court found defendant guilty except for insanity, ORS 161.295, of one count of unlawful use of a weapon (UUW) and six counts of reckless endangerment with a motor vehicle. All of the reckless endangerment terms of commitment were imposed consecutively to the UUW term of commitment, under ORS 137.123(5). Defendant was placed under the jurisdiction of the Oregon Health Authority while hospitalized and the Psychiatric Supervision Review Board while on conditional release for a maximum period of time not to exceed 11 years (five years for the UUW count and one year for each reckless endangerment count).

On appeal, defendant argues that imposing the terms of commitment on the reckless endangerment counts consecutively to the UUW count was not permitted under ORS 137.123(5). That statute provides:

"(5)  The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

The trial court apparently imposed consecutive terms of commitment based on a finding that, under ORS 137.123 (5)(a), each bump of the minivan indicated a willingness to commit more than one criminal offense. In defendant's view,

the evidence in the record does not support that finding with regard to the reckless endangerment counts compared to the UUW count. Because, at trial, the state relied on the entire course of events as the basis for guilt for all of the offenses, the state concedes that the trial court erred. We agree and accept the state's concession.

The state argues, however, that five of the six reckless endangerment terms of commitment can be imposed consecutively to the UUW commitment term under ORS 137.123(5)(b). On remand, the trial court can consider the state's argument on that point. *See State v. Garcia-Mendoza*, 225 Or App 497, 499, 202 P3d 191 (2009) (concluding that the trial court could consider ORS 137.123(5)(b) on remand).

Remanded for resentencing; otherwise affirmed.