Submitted October 7; remanded for resentencing, otherwise affirmed
November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSAPHAT K. KIEMTORE,
*Defendant-Appellant.*

Umatilla County Circuit Court
18CR74224; A171749

501 P3d 93

Patricia A. Sullivan, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted after a jury trial of six counts of recklessly endangering another person, ORS 163.195. We conclude, as the state concedes, that the trial court plainly erred when it imposed the statutory maximum punitive fine on each count and then also imposed a compensatory fine on Count 1, and we exercise our discretion to correct that error by remanding for resentencing. As we explain, that obviates the need to address the remaining assignments of error, which can be addressed in the first instance on remand.

Here, the trial court imposed a punitive fine of $6,250 on Count 1 under ORS 161.635(1)(a), suspended execution of $6,000 of that fine, and ordered defendant to pay additional compensatory fines totaling $2,500 under ORS 137.101(1). Thus, the trial court imposed a total fine of $8,750 on Count 1. The state concedes that the trial court plainly erred in imposing the compensatory fine because the amount of the punitive fine combined with the amount of the compensatory fine exceeded the statutory maximum fine for the offense. *See* ORS 161.635(1)(a) (maximum fine for Class A misdemeanor is $6,250). Furthermore, because the court imposed the maximum punitive fine on all six counts, this is not a case in which the court could have reached the same result by attaching the compensatory fine to a different count. Given those circumstances, we exercise our discretion to correct the error because the gravity of the error and the ends of justice weigh in favor of doing so and defendant had no plausible strategic reason for failing to object to the fine. *See State v. Nichols*, 281 Or App 658, 660, 383 P3d 988 (2016) (exercising discretion to correct plainly erroneous compensatory fine for similar reasons).

Our disposition obviates the need to address defendant's other assignments of error because the case is being remanded for resentencing, and the trial court can address them then if necessary. *State v. Colgrove*, 308 Or App 441, 445-46, 480 P3d 1026, *rev allowed*, 368 Or 347 (2021) (not reaching additional claims because the case was being remanded for resentencing under ORS 138.257(4)). Additionally, we decline to address the remaining assignments of error

because the same sentencing issues might not arise again or at least might not arise in the same form. *See, e.g.*, *State v. Parham*, 302 Or App 179, 180, 456 P3d 690 (2020) (remand for resentencing "obviate[d] the need to address defendant's remaining claims of sentencing errors because the issues they concern may not arise on remand").

Remanded for resentencing; otherwise affirmed.