***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 24; remanded for resentencing, otherwise affirmed August 31; petition for review denied November 3, 2022 (370 Or 455)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MATHEW LISTER,
*Defendant-Appellant.*

Washington County Circuit Court
19CR55841; A174679

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Stephen Lister filed a supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, J.**

For intentionally running his car into two people on a motorcycle and then leaving the scene, defendant was convicted of two counts of first-degree assault, ORS 163.185 (Counts 3 and 4); two counts of unlawful use of a weapon, ORS 166.220(1)(a) (Counts 5 and 6); and two counts of failure to perform the duties of a driver to injured persons (FPDD), ORS 811.705 (Counts 7 and 8). On appeal, he raises four assignments of error regarding his sentencing. He also raises two *pro se* supplemental assignments of error. As explained below, we agree with the parties that the trial court plainly erred by imposing separate punitive and compensatory fines, and therefore reverse and remand for resentencing, but we reject defendant's other assignments of error.

FACTS

In August 2019, defendant and C had a physical and verbal altercation in a parking lot. A short time later, C was riding his motorcycle with his wife, J, when they passed defendant getting into his car. J threw a metal rod at defendant's car. Enraged, defendant pursued the motorcycle, fishtailing as he made a turn and driving twice the posted limit of 25 miles per hour. As the motorcycle approached a stop sign, defendant accelerated, increasing his speed from 52 miles per hour to 66 miles per hour in the five seconds before impact, and struck the motorcycle at a speed of 66 miles per hour. Upon impact, one victim skidded across the asphalt, while the other flew 200 to 300 feet and landed in a field. Defendant never braked, before or after the collision, and left the scene without stopping. Bystanders saw a car with front-end damage speeding away.

C and J were seriously injured in the collision. J suffered a severe spinal injury, is paralyzed from the waist down, and can use her arms and wrists but not her fingers. C suffered a broken pelvis, a broken toe, a dislocated shoulder, dislocated fingers, lacerations, and a head injury. C also lost three inches of height due to four exploded vertebrae in his spine.

Defendant was criminally charged as a result of the foregoing incident and ultimately convicted on the six counts previously described. Two attempted-murder charges were dismissed, on the state's motion, after the jury deadlocked on those charges.

## CONSECUTIVE SENTENCING ON COUNTS 7 AND 8

In his first and second assignments of error, defendant contends that the trial court erred by ordering his sentences on Counts 7 and 8 to run consecutively to his sentences on Counts 3 and 4. "We review a trial court's decision to impose consecutive sentences for errors of law and to determine whether the trial court's predicate factual findings are supported by any evidence in the record." *State v. Provancha*, 293 Or App 169, 173, 428 P3d 916 (2018), *rev den*, 364 Or 407 (2019) (internal quotation marks omitted).

The trial court sentenced defendant to 90 months on Count 3 (assault of J) and 90 months on Count 4 (assault of C), to be served consecutively to each other because they involved different victims. Defendant does not challenge those sentences, nor does he challenge his sentences on Counts 5 and 6. The court sentenced defendant to 24 months on Count 7 (FPDD as to J) and 24 months on Count 8 (FPDD as to C), to be served consecutively to each other because they involved different victims, *and to be served consecutively to his sentences on Counts 3 and 4* for reasons to be discussed. Defendant challenges the latter aspect of his sentencing on Counts 7 and 8.

ORS 137.123(5) allows a trial court to impose consecutive sentences "for separate convictions arising out of a continuous and uninterrupted course of conduct" if the court finds either of two circumstances:

"(a)   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing

greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

It is undisputed that defendant's convictions arose from a continuous and uninterrupted course of conduct.

We begin with ORS 137.123(5)(a). The trial court expressly found that defendant's conduct evinced his willingness to commit more than one offense—and thereby necessarily rejected defendant's argument that he had a singular intention (to injure the victims) and committed FPDD merely incidentally to the assaults. "[A] trial court's determination under ORS 137.123(5)(a) that, in committing a particular offense, a defendant showed 'a willingness to commit more than one criminal offense' is a factual determination that we review under the 'deferential standard of review' of whether there is any evidence in the record to support that finding." *State v. Traylor*, 267 Or App 613, 616, 341 P3d 156 (2014) (quoting *State v. Anderson*, 208 Or App 409, 417, 422, 145 P3d 245 (2006), *rev den*, 343 Or 33 (2007)). We must consider "the relationship between the uncontroverted facts, with reasonable inferences necessarily viewed in the light most favorable to the trial court's findings and the predicate criminal statutes." *State v. Byam*, 284 Or App 402, 406, 393 P3d 252 (2017).

A person commits first-degree assault (a Class A felony) when the person "[i]ntentionally causes serious physical injury to another person by means of a deadly or dangerous weapon." ORS 163.185(1)(a). A person commits FPDD (a Class B felony in these circumstances) when the driver of a vehicle "knows or has reason to believe that the driver's vehicle was involved in a collision," the collision results in injury or death to a person, and the driver does not perform all of several duties, including (with certain limitations) stopping immediately, rendering aid to injured persons, and remaining at the scene to talk to police. ORS 811.705(1).

We agree with the state that this case involves a defendant committing two acts during a continuous and uninterrupted course of conduct, rather than a "single act"

as defendant portrays it. *See Provancha*, 293 Or App at 174-75 (describing our somewhat different analytical approaches depending on whether the defendant committed a single act that constituted multiple offenses or committed multiple criminal acts). Defendant committed first-degree assault when he purposely ran into the victims with his car at a high rate of speed. Defendant then left the scene without stopping to render aid to the victims or otherwise fulfill the duties of a driver. Those two acts were part of a continuous and uninterrupted course of conduct, and both involved the use of a vehicle, but they were nonetheless qualitatively and temporally distinct.

Assault and FPDD do not naturally go hand in hand. FPDD is not "necessary," *Traylor*, 267 Or App at 616, or "coincidental," *Anderson*, 208 Or App at 420, to assault. One can easily commit either offense without the other, and the offenses are quite different in nature. *See Anderson*, 208 Or App at 417, 419 (pointing to the "substantially different" nature of two offenses, and to the lack of need to commit one to commit the other, as supporting the trial court's finding that the defendant was willing to commit more than one offense). Moreover, the offenses here were temporally distinct, albeit occurring in immediate succession—defendant completed his assault of the victims when he struck them, and then he began committing FPDD as he drove away from the scene. *See State v. Martinez*, 270 Or App 423, 430, 348 P3d 285, *rev den*, 357 Or 640 (2015) (affirming consecutive sentences under ORS 137.123(5)(a), where a robbery and an attempted murder that occurred during a continuous and uninterrupted course of conduct "began at two distinct moments in time and involved distinct acts").

When "a defendant commits the consecutively sentenced offense through conduct that is temporally or qualitatively distinct from the act constituting the more serious offense, such evidence may support an inference that the commission of one offense was not merely incidental to the other." *State v. Edwards*, 286 Or App 99, 103, 399 P3d 463, *rev den*, 362 Or 175 (2017). Whether such an inference is permissible depends "on whether something in the record supports a finding that the defendant had a different intention in committing each of the multiple acts." *Provancha*,

293 Or App at 174. For example, in *Traylor*, 267 Or App at 616, "[t]he fact that defendant was more destructive of property than he needed to be in the manner in which he conducted [a] burglary *** permit[ted] the inference that defendant was willing to commit the separate offense of criminal mischief in addition to the offense of burglary." In *State v. Sumerlin*, 139 Or App 579, 589, 913 P2d 340 (1996), "[b]y speeding while driving drunk, defendant showed a willingness to commit both reckless driving and DUII," because he could have committed either offense without the other. And, in *State v. Hendershott*, 131 Or App 531, 537, 887 P2d 351 (1994), *rev den*, 320 Or 587 (1995), the defendant ran several stop signs in a residential area while trying to elude police, and we affirmed the imposition of consecutive sentences for reckless driving and eluding, rejecting defendant's argument that he had a single intention of "trying to avoid arrest," and concluding that the record allowed the finding that he had evinced a willingness to commit more than one offense.

On this record, it is reasonable to infer that defendant assaulted the victims in a fit of rage, and then left the scene of the collision to try to avoid legal and financial responsibility for his actions. We disagree with defendant that, as long as he remained enraged, any crimes that he committed after the assaults were merely incidental to the assaults. The FPDD offenses may have been motivated in part by the same emotion that motivated the assaults, but "the fact that two crimes share a common motivation *** is not dispositive of whether one is 'merely incidental' to the other." *Anderson*, 208 Or App at 417. This record contains adequate "discrete facts," *id.*, to support the trial court's finding that defendant demonstrated a willingness to commit more than one offense.

It follows that the trial court had authority under ORS 137.123(5)(a) to impose defendant's sentences on Counts 7 and 8 consecutively to his sentences on Counts 3 and 4. Given that conclusion, we need not address whether the court *also* had authority to do so under ORS 137.123(5)(b). Subsections (a) and (b) provide alternative bases to impose consecutive sentences. Moreover, whereas it is clear that the court relied on subsection (a) to impose the challenged

consecutive sentences, it is less clear to us that the court also relied on subsection (b) for that purpose.[1] We therefore decline to address whether the court had authority to impose the sentences on Counts 7 and 8 consecutively to the sentences on Counts 3 and 4 under ORS 137.123(5)(b), because, in any event, the court had such authority under ORS 137.123(5)(a).

## COMPENSATORY FINES

In his third and fourth assignments of error, defendant contends that the trial court plainly erred by imposing separate punitive and compensatory fines. The court imposed a $200 punitive fine as to each count, and it separately imposed a $200,000 compensatory fine to be paid to J and a $3,490 compensatory fine to be paid to C.

"We review a trial court's imposition of a compensatory fine for legal error." *State v. Grismore*, 283 Or App 71, 73, 388 P3d 1144 (2016). Because defendant did not preserve this issue below, our review is discretionary and limited to "plain error."[2] The state concedes that the court plainly erred by imposing the fines in the manner it did.

---

[1] When sentencing defendant on Counts 7 and 8, the trial court explained that "these crimes indicate a willingness to commit more than just one offense"—a clear reference to ORS 137.123(5)(a) as authority to impose the sentences on Counts 7 and 8 consecutively to the sentences on Counts 3 and 4—and that there were "separate victims"—a clear reference to ORS 137.123(5)(b) as authority to impose the sentences on Counts 7 and 8 consecutively to each other. The court then stated, "And, certainly, what you did had the potential of creating even greater harm than it actually did. Neither victim was killed, but both could have been." It is unclear to us whether the court meant that statement as an observation regarding the assaults—that defendant could have killed C and J by assaulting them in the manner that he did—or as a finding under ORS 137.123 (5)(b) to the effect that the FPDD offenses risked causing "greater or qualitatively different loss, injury or harm" to C and J than the assaults. On appeal, both parties assume the latter, but, in our view, the court's statement is ambiguous, particularly given that it does not obviously track the language or substance of subsection (b).

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain error." ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is an issue of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If the trial court made a "plain error," it is a matter of discretion whether we will correct it. *Id*.

ORS 161.625(1) allows for the imposition of a punitive fine on a felony conviction. Meanwhile, ORS 137.101(1) provides that, when "the court imposes a fine as a penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action," the court may "order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case" and then order the clerk of court to pay over that portion to the injured victim or victims.

Read together, those statutes allow a trial court to impose a punitive fine under ORS 161.625(1) and then designate a portion to be paid in accordance with ORS 137.101(1). But the court cannot impose a punitive fine and a *separate* compensatory fine. We have long held that there is "no statutory authority for a court to award, *in addition to* a fine imposed under ORS 161.625(1), a compensatory fine under ORS 137.101(1)." *State v. Moore*, 239 Or App 30, 35, 243 P3d 151 (2010) (emphasis added). It is "plain" error to do so, and we have previously exercised our discretion to correct such errors. *See, e.g.*, *State v. Kellison*, 289 Or App 55, 57, 407 P3d 978 (2017), *rev den*, 362 Or 665 (2018); *State v. Nichols*, 281 Or App 658, 659-60, 383 P3d 988 (2016). We do the same here and, because we agree with defendant that it is "not a foregone conclusion that the trial court will simply impose the same sentence in the proper way," remand for resentencing.

## *PRO SE* SUPPLEMENTAL ASSIGNMENTS OF ERROR

Defendant raises two *pro se* supplemental assignments of error. First, he contends that the court erred by ordering his sentences on Counts 7 and 8 to run consecutively to his sentences on Counts 3 and 4. We reject that argument for the same reasons that we rejected his counsel's arguments on the same issue. Second, defendant argues that the trial court erroneously admitted unspecified "prior acts" evidence. For the reasons argued in the state's answering brief, that assignment fails. Finally, to the extent defendant summarily invokes due process and other legal concepts, we reject those arguments without written discussion.

Remanded for resentencing; otherwise affirmed.