Submitted March 6, affirmed October 16, 2019, petition for review denied March 5, 2020 (366 Or 257)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXANDER DEAN GATEWOOD,
*Defendant-Appellant.*

Coos County Circuit Court
17CR01905; A165081

452 P3d 1046

Defendant—who was convicted of one count of first-degree theft, ORS 164.055, and one count of felon in possession of a firearm (FIP), ORS 166.270—appeals the judgment of conviction, assigning error to the trial court's imposition of consecutive sentences. Defendant argues that, for consecutive-sentencing purposes under ORS 137.123(5)(b), the state was not a "victim" of the FIP offense. *Held*: For consecutive-sentencing purposes, the identity of the "victim" was determined by the substantive statute defining the relevant criminal offense. Under the substantive statute defining the offense of FIP, the state was the victim. Because the victim of the theft offense was different from the victim of the FIP offense, the trial court did not err in imposing consecutive sentences.

Affirmed.

Martin E. Stone, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Kistler, Senior Judge.

ORTEGA, P. J.

Affirmed.

ORTEGA, P. J.

Defendant—who was convicted of one count of first-degree theft, ORS 164.055, and one count of felon in possession of a firearm (FIP), ORS 166.270—appeals, assigning error to the trial court's imposition of consecutive sentences. Defendant argues that, for consecutive-sentencing purposes under ORS 137.123(5)(b),[1] the state was not a "victim" of the FIP offense, nor does Article I, section 44(3), of the Oregon Constitution[2] support such a proposition. We conclude that, for consecutive-sentencing purposes, the identity of the "victim" is determined by the substantive statute defining the relevant criminal offense and that, under the substantive statute defining the offense of FIP, the state is the victim.[3] Accordingly, we affirm.

The pertinent facts are few and undisputed. Based on evidence that he had taken JC's gun without permission, defendant—who had a felony conviction—was convicted of one count of first-degree theft, ORS 164.055,[4] and one count of FIP, ORS 166.270.[5] At sentencing, defendant preemptively argued for concurrent sentences, reasoning that "the same facts were being used for each count—same incident." Over defendant's objection, the trial court ordered that the sentence on the theft count run consecutively to the sentence on the FIP count, stating that "[t]here's an identified victim" on

_____

[1] As further discussed below, ORS 137.123(5)(b) authorizes consecutive sentences for offenses with "different victim[s]."

[2] In relevant part, Article I, section 44(3), provides:

"In the event no person has been determined to be a victim of the crime, the people of Oregon, represented by the prosecuting attorney, are considered to be the victims."

[3] Both parties seem to understand the phrase "the state," when used as a victim identifier, to be synonymous with the phrase "the people of Oregon."

[4] As applicable here, a person commits first-degree theft "when, with intent to deprive another of property," the person "[t]akes, appropriates, obtains or withholds such property from an owner thereof[,]" and "[t]he subject of the theft is a firearm[.]" ORS 164.015(1); ORS 164.055(1)(d).

[5] ORS 166.270(1) provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

the theft count: JC. Defendant appealed, asserting that the trial court erred by imposing the consecutive sentences.

Although the trial court did not precisely state the authority pursuant to which it imposed the consecutive sentences, it is reasonably clear from the record—and both parties recognize—that the court relied on ORS 137.123(5)(b). *See State v. Edwards*, 286 Or App 99, 102, 399 P3d 463, *rev den*, 362 Or 175 (2017) (stating that a trial court is not required to state which paragraph of ORS 137.123(5) it was relying on to impose a consecutive sentence). ORS 137.123 (5)(b) provides:

> "The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
>
> "* * * * *
>
> "(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to *a different victim* than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

(Emphasis added.) Neither party disputes that JC was the victim of the theft offense. At issue is whether the state was the victim of "the other offense" of FIP, such that there was a "different victim" to authorize imposing the consecutive sentences.

On appeal, on both statutory and constitutional grounds, defendant challenges the proposition that the state was the victim of the FIP offense. First, defendant argues that the term "victim" in ORS 137.123(5)(b) is statutorily defined by ORS 131.007, which imbues "victim" with a generic, omnibus meaning. That is so, defendant posits, because both those statutory provisions were proposed by initiative petition and enacted by voters together as part of Ballot Measure 10 (the Crime Victims' Bill of Rights) in 1986. In defendant's view, that contemporaneity evinces the voters' intent for the definition of "victim" set out in ORS 131.007 to apply to the term "victim" as it is used in ORS

137.123. Defendant further contends that, under that construct, the state was not a "victim" of the FIP offense for consecutive-sentencing purposes.

Additionally, defendant argues that the definition of "victim" set out in Article I, section 44(3), does not support the consecutive sentences imposed here, because the victim of the theft offense—JC—was also part of "the people of Oregon" and therefore was not a "wholly different" victim from the victim of the FIP offense, assuming that the FIP victim was the state or the people of Oregon. Furthermore, according to defendant, the definition of "victim" set out in Article I, section 44(3), was not the definition that the voters had considered in Measure 10 (1986) when they approved the statutory scheme at issue in this case.

The state disputes defendant's assertion that the applicable definition of "victim" for consecutive-sentencing purposes is the one set out in ORS 131.007. The state argues instead that the term "victim" under ORS 137.123 (5)(b) refers to the victim of the underlying crime of conviction, as determined by the substantive provision defining the crime. According to the state, under the statute that defines the offense of FIP, ORS 166.270, the state is the victim. Furthermore, the state contends that the consecutive sentence was authorized for the additional reason that defendant's offenses caused or created the risk of causing different harms. Finally, the state asserts that, in light of the trial court's statutory authority to impose the consecutive sentences, we need not additionally consider whether that authority derived from the constitution. But in any event, the state argues, the constitutional analysis would yield the same result—that the trial court had authority to impose the consecutive sentences.

We review the imposition of consecutive sentences for errors of law, *State v. Sumerlin*, 139 Or App 579, 588, 913 P2d 340 (1996), and view reasonable inferences in the light most favorable to the trial court's findings, *State v. Byam*, 284 Or App 402, 406, 393 P3d 252 (2017).

Again, ORS 137.123(5)(b) authorizes a court to impose consecutive sentences for separate convictions arising out of

a continuous and uninterrupted course of conduct if, as applicable here:

> "The criminal offense for which a consecutive sentence is contemplated * * * caused or created a risk of causing loss, injury or harm to a different *victim* than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

(Emphasis added.) The meaning of "victim" as the term is used in that statutory provision is the focus of our analysis. As we have previously recognized, "[t]he word 'victim' appears throughout our statutes, and * * * it has different meanings in different statutes." *State v. Zuniga*, 288 Or App 742, 745 n 1, 407 P3d 961 (2017) (citation omitted); *see also State v. Lykins*, 357 Or 145, 156-57, 348 P3d 231 (2015) ("[T]he word 'victim' has been defined to mean different things in different legal contexts."); *State v. Torres*, 249 Or App 571, 575, 277 P3d 641, *rev den*, 352 Or 378 (2012) ("[T]he meaning of 'victim' is not fixed; rather it is context specific."). In *State v. Moncada*, 241 Or App 202, 250 P3d 31 (2011), *rev den*, 351 Or 546 (2012), we had occasion to consider the meaning of "victim" in the context of consecutive sentencing.

In *Moncada*, the defendant was convicted of two counts of felony hit-and-run, ORS 811.705, for injuring two individuals in a single car accident, and the trial court imposed consecutive sentences on those two counts. *Id.* at 204-05. On appeal, the defendant asserted that the court erred by failing to merge the two counts and by imposing consecutive sentences. *Id.* Underlying both assertions was the defendant's legal theory that each of the two injured individuals was not a separate "victim" as the term is used in the statute governing merger, ORS 161.067,[6] and in the statute governing consecutive sentencing, ORS 137.123. Because we reached the opposite conclusion, we rejected both assignments of error and affirmed.

Addressing first the merger issue, we discussed that, in *State v. Glaspey*, 337 Or 558, 100 P3d 730 (2004),

---

[6] ORS 161.067(2) provides, "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

the Supreme Court had stated that ORS 161.067(2) "uses the term 'victims' to describe the category of persons who are victims within the meaning of the specific substantive statute defining the relevant offense." *Moncada*, 241 Or App at 206-07 (citation and quotation marks omitted). Applying that controlling principle from *Glaspey*, we focused our analysis on ORS 811.705, the statute defining the offense of felony hit-and-run, to determine whether each of the injured individuals was a separate, qualifying "victim" for merger purposes. *Id.* at 212. We concluded that each injured individual was a separate victim and that, therefore, ORS 167.067(2) precluded merger of the two felony hit-and-run counts. *Id.*

Turning next to the consecutive-sentencing issue, we stated that "our interpretation of ORS 811.705 controls the determination whether the trial court properly imposed consecutive sentences." *Id.* In other words, we tacitly recognized that the *Glaspey* analysis that applied to determining the "victim" for merger purposes under ORS 161.067 also applied to determining the "victim" for consecutive-sentencing purposes under ORS 137.123. In both instances, the identity of the pertinent victim is determined by reference to the substantive statute defining the relevant criminal offense. Having determined that each injured individual qualified as a separate victim, we concluded that the trial court properly imposed the consecutive sentences. *Id.*

We see no persuasive reason—and defendant has given us none—to deviate from our approach in *Moncada*: To determine the identity of the "victim" for consecutive-sentencing purposes, we refer to the substantive statute defining the relevant criminal offense. Indeed, the specific wording of ORS 137.123(5)(b) expressly directs us to take that approach. That statute provides that the "victim" in question is the one to whom loss, injury, or harm, or risk thereof, was caused or threatened by "[t]he criminal offense." ORS 137.123(5)(b). It is plain that "criminal offense" means the crime of conviction for which a sentence is to be imposed. The "victim" under ORS 137.123(5)(b), therefore, is the same as the "victim" of the criminal offense, the identity of whom is derived from the statute defining the offense. *See State v.*

*Martinez*, 270 Or App 423, 429, 348 P3d 285, *rev den*, 357 Or 640 (2015) (The reference in ORS 137.123(5)(a) to "criminal offense" "directs a trial court's attention to the nature of a defendant's offenses."); *Glaspey*, 337 Or at 565 ("Ordinarily, when the term 'victim' is used in a statute that defines a criminal offense, it is used in the precise sense of a person who suffers harm that is an element of the offense.").

Context further bolsters that approach. To determine the pertinent "victim" for other criminal sentencing purposes, the Supreme Court has also looked to the statutes defining the relevant criminal offenses. As discussed above, the original analysis comes from *Glaspey*, which addressed the meaning of "victim" for purposes of merger. In *Lykins*, the Supreme Court took the same approach to determine the meaning of "victim" for purposes of the sentencing guidelines departure factors. 357 Or at 163 ("[F]or purposes of OAR 213-008-0002(1)(b)(B) ['vulnerable victim' enhancement factor], *** the term 'victim' has the same meaning as it has in the relevant statutory provision defining the offense for which the defendant is being sentenced."). Thus, referring to the statutes defining the relevant criminal offenses to determine the "victim" for consecutive-sentencing purposes is consistent with the analytical approach that our courts have taken for other closely related sentencing purposes. *See also State v. Crotsley*, 308 Or 272, 277 n 4, 779 P2d 600 (1989) (noting the closely related enactment history of ORS 161.067 and ORS 137.123).

In spite of the above reasons for deriving the meaning of "victim" for consecutive-sentencing purposes from the substantive statute defining the relevant offense, defendant maintains that the applicable definition of "victim" is set out in ORS 131.007. That statute provides:

"As used in ORS 40.385, 135.230, 147.417, 147.419 and 147.421 and in ORS chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide or abuse of corpse in any degree, a member of the immediate family of the decedent and, in the case of a

minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim."

Relying on the introductory clause, "As used *** in ORS chapter[] *** 137," defendant contends that ORS 131.007's definition of "victim" plainly applies to ORS 137.123. But defendant's reading of the statute conveniently glosses over the conditional language that immediately follows the introductory clause: "except as otherwise specifically provided or unless the context requires otherwise[.]" As that phrase indicates, the definition of "victim" set out in ORS 131.007 neither mechanically nor invariably applies, if the law has "otherwise specifically provided" or if "context requires otherwise." *See, e.g.*, *Zuniga*, 288 Or App at 744 (recognizing that "victim" has a different meaning for purposes of ORS 137.106(1)(a) than the general definition set out in ORS 131.007). As discussed above, the specific wording and operative context of ORS 137.123 provides for a construction of "victim" that supersedes the generic meaning set out in ORS 131.007. *See also Moncada*, 241 Or App at 213 (Given the understanding that the meaning of "victim" for consecutive-sentencing purposes is determined under the substantive statute defining the crimes, "the operative 'context' precludes application of the generic definition of 'victim' in ORS 131.007." (Internal citation omitted.)).

Defendant's reliance on legislative history to argue for the applicability of ORS 131.007 is similarly unavailing. As defendant correctly states, ORS 137.123 and ORS 131.007 were both approved by the electorate as part of the Crime Victims' Bill of Rights in 1986. Or Laws 1987, ch 2, §§ 12, 17. But despite that contemporaneity, we have previously considered and have declined to conclude that the definition of "victim" in ORS 131.007 is relevant to the meaning of "victim" in the criminal-sentencing context. At issue in *State v. Teixeira*, 259 Or App 184, 313 P3d 351 (2013), was the meaning of "victim" under OAR 213-008-0002(1)(b)(G), the "multiple victims" enhancement factor. The state argued that the "omnibus definition of 'victim' set out in ORS 131.007" applied. *Id.* at 189. In rejecting that argument, we observed that ORS 131.007 defines "victim" broadly for the purpose of "maximiz[ing] the participatory rights of those affected by criminal conduct" at various stages of the criminal

punishment system. *Id.* at 191. We distinguished that the "durational departure sentencing guidelines are directed *** to a different end—to define what types of criminal conduct toward victims provide substantial and compelling reasons to depart from the presumptive sentence for a given crime." *Id.* Considering those differing ends, we concluded that "[t]he meaning of 'victim' for purposes of victims' participatory rights is not related to, and provides no relevant context for, the meaning of 'victim' for criminal sentencing purposes." *Id.* Additionally, we noted that various parts of the 1986 initiative measure, "pertaining to the degree of punishment meted out to a criminal defendant, do not use [ORS 131.007's] broad meaning of 'victim' in their operation." *Id.* at 191 n 5. Specifically, section 12 of the measure, which enacted ORS 137.123, was one such part. *Id.*

Having concluded that the pertinent "victim" for consecutive-sentencing purposes under ORS 137.123(5)(b) is the "victim" under the substantive statute defining the criminal offense, we turn now to determining the victim under the statute defining the offense of FIP, ORS 166.270. We previously addressed that question in *Torres*, 249 Or App at 578, and concluded that "*the public* is a single collective 'victim' of a violation of ORS 166.270[.]" (Emphasis added.) In *Torres*, the state appealed from a judgment merging the defendant's 21 counts of FIP into a single count, arguing that the trial court erred by relying on ORS 161.067(3) to merge the counts. *Id.* at 573. In the state's view, ORS 161.067(3) does not apply where the victim is not a person, and the state—a nonperson—is the victim of the FIP offense. *Id.* at 573-74. Applying the analysis that the Supreme Court articulated in *Glaspey*, we looked to the statute defining the offense of FIP to determine the pertinent "victim" for merger purposes. *Id.* at 576-77. First, we noted that ORS 166.270 "does not expressly identify the victim of a violation of the prohibition on being a felon in possession of a firearm." *Id.* at 577. Then, we recognized that the legislature had enacted ORS 166.270 for "public safety" reasons. *Id.* at 578. From there, we concluded that "the public at large" is the "'victim' of a violation of ORS 166.270 for purposes of merger under ORS 161.067(3)." *Id.* Because, as discussed above, the same analytical approach that applies to determining the

"victim" for merger purposes also applies to determining the "victim" for consecutive-sentencing purposes, our conclusion in *Torres* that the public is the victim of the FIP offense also holds true here. And no party disputes that "the state," "the public," and "the people of Oregon" are all synonymous expressions identifying the same victim, nor may a party reasonably do so.

In sum, we conclude that, for consecutive-sentencing purposes under ORS 137.123(5)(b), the "victim" at issue is determined by the substantive statute defining the relevant criminal offense and that, under the substantive statute defining the offense of FIP, the state is the victim. Considering those determinations, we need not reach the parties' constitutional arguments. *Vasquez v. Double Press Mfg., Inc.*, 364 Or 609, 614, 437 P3d 1107 (2019) ("As a general matter, this court will avoid reaching constitutional questions in advance of the necessity of deciding them." (Citation and quotation marks omitted.)). Nor do we reach the state's argument that consecutive sentencing was authorized for the additional reason that defendant's offenses caused or created the risk of causing different harms. Here, the undisputed victim of the theft offense was JC, and the victim of the FIP offense—as we discussed above—is the state. Because each offense caused or created a risk of causing loss, injury, or harm to a different victim, ORS 137.123(5)(b), the trial court did not err in imposing consecutive sentences.

Affirmed.