Submitted August 1, 2019, affirmed April 14, petition for review denied
August 26, 2021 (368 Or 514)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZACKERIA PHILLUP BRASS,
*Defendant-Appellant.*

Clatsop County Circuit Court
131250; A166471

485 P3d 289

Defendant appeals an amended judgment resulting from his motion to correct the judgment, contending that the trial court erred in denying his request to shorten his sentence. *Held*: Defendant's offense of unlawful use of a weapon "caused or created a risk of causing loss, injury or harm to a different victim" from the victim of his offense of felon in possession of a firearm. ORS 137.123(5)(b). Accordingly, the trial court acted within its discretion in denying defendant's motion to correct the judgment.

Affirmed.

Cindee S. Matyas, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Kamins, Judge.

DeHOOG, P. J.

Affirmed.

**DeHOOG, P. J.,**

In this criminal case, defendant appeals an amended judgment resulting from his motion to correct the judgment. As explained below, we conclude that the trial court correctly held that defendant's offenses had different victims and that, as a result, ORS 137.123(5)(b) authorized consecutive sentences for those offenses. Accordingly, we affirm.

In 2014, defendant was convicted of five crimes, including one count of unlawful use of a weapon (UUW), ORS 166.220(1), and one count of felon in possession of a firearm (FIP), ORS 166.270. The conduct underlying the UUW charge was pointing a gun at another person. The court ordered defendant's sentence on the FIP conviction to run consecutively to his sentence on the UUW conviction. Defendant appealed, raising a number of arguments, and we affirmed without opinion. *State v. Brass*, 281 Or App 780, 384 P3d 562 (2016), *rev den*, 361 Or 311 (2017).

After the appellate judgment issued, defendant moved to correct the judgment under *former* ORS 138.083 (2017), *repealed by* Or Laws 2017, ch 529, § 26. As relevant here, he argued that the trial court should shorten his sentence based on the so-called shift-to-I and 200-percent rules, which limit the length of consecutive sentences for crimes committed during the same criminal episode and against the same victim. OAR 213-012-0020(2)(a), (b); *see also State v. Johnson*, 125 Or App 655, 866 P2d 1245 (1994) (explaining the relationship between the 200-percent rule and gun-minimum sentences); OAR 213-012-0020(5) (the shift-to-I and 200-percent rules do not apply "to consecutive sentences imposed for crimes that have different victims"). The trial court rejected defendant's argument and issued an amended judgment that changed a no-contact provision but did not reduce the length of defendant's sentence.

Defendant appeals, arguing that the trial court erred in ruling that his offenses were not committed during the same criminal episode and, further, that the two offenses had different victims. As defendant acknowledges, if his offenses comprised separate criminal episodes or if there were different victims for each offense, the shift-to-I and

200-percent rules would not apply to his sentences, and the court would not have been required on that basis to impose the shorter sentence that he sought; it would follow that the trial court did not abuse its discretion in declining to correct the judgment in that manner. *State v. Lewallen*, 262 Or App 51, 55-56, 324 P3d 530, *rev den*, 355 Or 880 (2014) (trial court has discretion to determine whether or not to correct a judgment under *former* ORS 138.083); *id.* at 58 (exercise of discretion must be within "the range of legally correct discretionary choices").

As explained below, we conclude that defendant's UUW and FIP offenses had different victims, and we affirm on that ground.[1] Accordingly, we need not, and do not, consider whether the trial court was correct in ruling that the offenses took place during multiple criminal episodes.[2]

Under ORS 137.123(5)(b), a court may sentence a defendant consecutively for a criminal offense if the offense "caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct." Defendant acknowledges that his UUW crime had a specific victim—the person at whom he pointed the gun—and he acknowledges that the victim of his FIP was the public at large. He argues, however, that those victims are not "different victims" for purposes of ORS 137.123(5)(b), because the named victim was also a member of the public.

In *State v. Gatewood*, 300 Or App 21, 452 P3d 1046 (2019), *rev den*, 366 Or 257 (2020), which we decided after briefing in this case was complete, the defendant argued that, under ORS 137.123(5)(b), he could not be sentenced

---

[1] We reject without discussion defendant's unpreserved argument that the trial court erred in failing to make findings to support its decision to run his misdemeanor sentence consecutively to his other sentences.

[2] The state also argues that some of defendant's arguments are not preserved; that the court lacked authority to modify defendant's sentence because it had already been executed; and that, in any event, the court was not required to modify the sentence as defendant requested even if he was correct that the sentence was erroneous. In light of our conclusion that defendant was not entitled to the shorter sentence he sought because his crimes had different victims, we need not, and do not, address any of those contentions.

consecutively for a theft conviction with a single victim and a FIP conviction because, in his view, the victims of the two offenses were not different. *Id*. at 22. Specifically, he contended that the state was not the victim of the FIP count; rather, he contended, the victim of the FIP offense was "'the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime.'" *Id*. at 27 (quoting ORS 131.007).

We rejected the defendant's argument, concluding that the state was the victim of the FIP count. *Id*. at 30. We noted that "the state" was synonymous with "the public" and "the people of Oregon." *Id*. We then held that the victim of the theft and the victim of the FIP were different for purposes of ORS 137.123(5)(b):

> "Here, the undisputed victim of the theft offense was JC, and the victim of the FIP offense—as we discussed above— is the state. Because each offense caused or created a risk of causing loss, injury, or harm to a different victim, ORS 137.123(5)(b), the trial court did not err in imposing consecutive sentences."

*Id*.

In *Gatewood*, the defendant did not explicitly argue that, because the theft victim was also a member of the public, the two victims were the same for purposes of ORS 137.123(5)(b).[3] However, our conclusion in that case that the theft victim and the public were different victims for purposes of ORS 137.123(5)(b) forecloses that reasoning.

Resisting that conclusion here, defendant argues that, in *State v. Flores*, 259 Or App 141, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014), a merger case, we implicitly held that an individual victim and the public are not separate victims. Assuming for purposes of discussion that our merger case law can inform our understanding of ORS 137.123(5)(b) and consecutive sentencing, we nevertheless reject defendant's arguments.

---

[3] The defendant did make that argument with respect to Article I, section 44(3), of the Oregon Constitution, which requires consecutive sentences to be available for crimes with "wholly different" victims. *Gatewood*, 300 Or App at 24. However, we did not reach the parties' constitutional arguments. *Id*. at 30.

In *Flores*, the defendant argued that the verdicts on a count of UUW with a firearm and a count of FIP with a firearm merged under ORS 161.067. We first concluded that, given the manner in which the offenses had been charged in that case, the anti-merger provisions of ORS 161.067(1) did not prevent the resulting guilty verdicts from merging. However, recognizing that we were bound by the majority opinion in our en banc decision in *State v. Owens*, 102 Or App 448, 795 P2d 569, *rev den*, 311 Or 13 (1990), we went on to consider whether the provisions of ORS 161.067(2) precluded merger, because the merger of these verdicts left a single verdict that may have involved more than one victim.[4] Ultimately, we rejected the state's argument that there were two victims for purposes of ORS 161.067(2):

> "[T]he premise of the state's argument—the single merged conviction has two victims, the individual threatened by the UUW-firearm and the general public—is untenable. Because, as we hold, the UUW-firearm conviction merges into the FIP-firearm conviction [under ORS 161.067(1)], the correct judgment in this case would encompass only one conviction: FIP-firearm. The UUW-firearm conviction disappears. And it is uncontested that the FIP-firearm has only one victim: the public. Thus, there is only one conviction and there is only one victim."

*Flores*, 259 Or App at 150 (internal citation omitted).

In *Flores*, then, we reasoned that there was only one victim for purposes of ORS 161.067(2) because the lesser-included offense had already merged into the greater offense under ORS 161.067(1), and only one offense, with one victim, remained for consideration under ORS 161.067(2). True, one might question whether that reasoning was compatible with the majority holding in *Owens,* which arguably required a trial court to consider the potential application of each

---

[4] ORS 161.067(2) provides, "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

In *State v. Gensitskiy*, 365 Or 265, 293, 446 P3d 26 (2019), the Supreme Court explained that ORS 161.067(1) and (2) apply in different circumstances; ORS 161.067(2) does not apply at all when a defendant's conduct violates more than one separate statutory provision. Thus, the Supreme Court has rejected the reasoning of both *Owens* and *Flores* regarding the operation of ORS 161.067(1) and (2).

section of ORS 161.067 independent of the others. However, we are certain that it did not rely on a holding that the identities of the victims of the two counts were the same.

Thus, *Flores* does not provide support for defendant's argument that an individual and the public are not "different victim[s]" for purposes of ORS 137.123(5)(b). Defendant does not advance any other reason for concluding that they are, and, as noted above, our reasoning in *Gatewood* forecloses that argument. And, in our view, that reasoning remains sound in light of the plain meaning of "different." That is, although the two victims have one member in common, the public is qualitatively distinct from an individual; the two are therefore "different."[5] *See Webster's Third New Int'l Dictionary* 630 (unabridged ed 2002) (defining "different" as "not the same **:** distinct or separate (from another or from others in a group)").

Defendant's UUW "caused or created a risk of causing loss, injury or harm to a different victim" from the victim of the FIP. ORS 137.123(5)(b). Accordingly, the trial court acted within its discretion in denying defendant's motion to correct the judgment.

Affirmed.

---

[5] As noted above, 310 Or App at 605 n 3, Article I, section 44(3), requires consecutive sentences to be available for crimes with "wholly different" victims. Our conclusion that an individual victim and the public at large are "different victim[s]" for purposes of ORS 137.123(5)(b) does not resolve the question of what it means for victims to be "wholly different" for purposes of that constitutional provision.