No. 172 March 13, 2024 487

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN SCOTT DAVIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR44786; A176231

Eric L. Dahlin, Judge.

Submitted March 17, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Remanded for resentencing; otherwise affirmed.

**JACQUOT, J.**

Defendant was convicted by a jury of first-degree burglary, ORS 164.225 (Counts 1 and 5); first-degree robbery, ORS 164.415 (Counts 2 and 6); unauthorized use of a vehicle (UUV), ORS 164.135 (Counts 3 and 7); unlawful use of a weapon (UUW), ORS 166.220 (Counts 4 and 9); identity theft, ORS 165.800 (Count 8); second-degree burglary, ORS 164.215 (Count 11); and interfering with a peace officer, ORS 162.247 (Count 12).[1] The sentencing court exercised its authority under ORS 137.123(5) to impose consecutive sentences for Counts 4, 6, and 11. Defendant appeals the judgment of conviction, making nine assignments of error, and seeks reversal of his convictions or resentencing. We affirm without discussion defendant's first eight assignments of error and write only to address his ninth—that the court erred by ordering that defendant serve his sentence for Count 4 consecutive to Count 2. We conclude that the court was not authorized to impose a consecutive sentence for Count 4. We remand for resentencing and otherwise affirm.

## FACTS

The relevant facts are undisputed. On the night of July 20, 2016, over the course of three hours, defendant committed a series of offenses at three different locations. He first entered the home of D through her unlocked sliding back door. Defendant was armed with a gun and threatened to kill D if she did not remain quiet. He asked her who else was in the house, and when she replied that her husband and children were upstairs, he threatened to kill them too if D made another sound. He told her that he needed her car and demanded her cell phone, but she was too frightened to find her phone. Defendant took the car keys, grabbed D's husband's phone from the counter so that D could not call for help, and left out of the front door. D called 9-1-1 shortly after. Defendant drove off in D's car but was unable to operate the manual transmission and abandoned the car a few blocks away. Defendant proceeded to enter two more homes and commit crimes inside, including stealing another car. After breaking into the third home, defendant was arrested.

---

[1] Defendant was charged with and acquitted of one additional count of first-degree burglary, ORS 164.225 (Count 10).

At sentencing, the state sought a total of 457 months of incarceration, based on consecutive sentences for 9 of the 11 offenses and application of the "gun minimum" in ORS 161.610. Defendant argued that a largely concurrent and only partially consecutive sentence would offer a just result for the victims and defendant. Except for Count 4 and 6, the court sentenced defendant consecutively for the events that occurred at each location, but concurrently for the different crimes committed at each house. The sentence for the crimes committed at D's house included a 90-month mandatory minimum sentence on the first-degree robbery charge in Count 2 and a consecutive 60-month gun minimum sentence for the UUW charge in Count 4.

## ANALYSIS

"We review a trial court's imposition of consecutive sentences for errors of law and determine whether the trial court's predicate factual findings are supported by any evidence in the record." *State v. Porter*, 313 Or App 565, 566, 494 P3d 988 (2021). Under ORS 137.123(5), a sentencing court has discretion to impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct only if it finds that the criminal offense for which a consecutive sentence is contemplated either "was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense," ORS 137.123(5)(a), or "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or *** to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct," ORS 137.123(5)(b).

At the sentencing hearing, the state asked the sentencing court to apply the ORS 161.610 60-month "gun minimum" to Count 4, UUW, and to sentence the robbery in Count 2 and the UUW consecutively. It argued that the court could impose a consecutive sentence for Count 4 under either subsection (a) or (b) of ORS 137.123(5), because defendant's use of the weapon to threaten D and her family was "a completely separate act" from the robbery and therefore

not merely incidental to the robbery, and because defendant "also threatene[d] harm to a complete separate victim, the husband and the children who were upstairs." The court ultimately ordered that the sentence for UUW in Count 4 be run consecutive to the sentence for robbery in Count 2.

As noted above, to impose a consecutive sentence under ORS 137.123(5)(a), the court was required to find that defendant's unlawful use of a weapon was not "merely incidental" to the robbery, and defendant argues on appeal that the record would not support such a finding. We agree. Under ORS 137.123(5)(a), where a defendant has concurrently violated separate criminal statutes by undertaking the same act to achieve the same end, absent "explicit evidence of multiple intents," the offenses are "so inextricably intertwined that the [less serious] offense *** is, necessarily, 'incidental' to the 'more serious crime.'" *State v. Byam*, 284 Or App 402, 405, 393 P3d 252 (2017). In such a case, commission of the less serious offense cannot be said to indicate a "willingness to commit more than one criminal offense." *Id.*; ORS 137.123(5)(a). However, evidence that a defendant's conduct constituting the less serious offense is "temporally or qualitatively distinct" from that constituting the more serious offense may support an inference that one offense was not merely incidental to the other. *State v. Russell*, 309 Or App 554, 561, 482 P3d 799, *rev den*, 368 Or 638 (2021).

As relevant here, defendant was convicted of first-degree robbery with a firearm for knowingly using and threatening the immediate use of physical force upon D, ORS 164.395(1), while armed with the firearm, a deadly weapon, ORS 164.415(1)(a), "with the intent of preventing and overcoming" D's resistance to defendant's taking and retention of the property, ORS 164.395(1)(a). Further, he was convicted of the less serious offense of UUW with a firearm, ORS 166.220, for carrying and possessing the firearm with the intent to use it unlawfully against D. Both of those convictions were based on the same criminal act underlying defendant's use of the firearm—defendant using the firearm to threaten to kill D while committing the theft— undertaken for the same purpose—preventing and overcoming her resistance to him taking her car keys, car, and phone.

Nothing in the record indicates that, by unlawfully using a firearm against D, defendant intended anything other than keeping D from resisting defendant taking her car and phone, which was an element of the charge for the crime of the robbery itself. Because the record does not "contain[] discrete facts supporting an inference that [the] defendant acted with a willingness to commit multiple offenses," the court was not authorized to impose consecutive sentences under ORS 137.123(5)(a). *State v. Edwards*, 286 Or App 99, 104, 399 P3d 463, *rev den*, 362 Or 175 (2017) (internal quotation marks omitted).

As noted above, a court may impose a consecutive sentence under ORS 137.123(5)(b) if "[t]he criminal offense for which a consecutive sentence is contemplated * * * caused or created a risk of causing loss, injury or harm to a different victim" than the other offenses in the same course of conduct. This court has established that, "for consecutive-sentencing purposes under ORS 137.123(5)(b), the 'victim' at issue is determined by the substantive statute defining the relevant criminal offense." *State v. Gatewood*, 300 Or App 21, 30, 452 P3d 1046 (2019), *rev den*, 366 Or 257 (2020). Here, the counts in the indictment track the statutory language of the offenses and accuse defendant of threatening use of force against *D* (robbery) and intending to unlawfully use a weapon against *D* (UUW), not any of her family members. Therefore, neither D's husband nor her children fall within the definition of "victim" as that term is used in ORS 137.123(5)(b), and any threats defendant may have made against them would not provide grounds for the imposition of a consecutive sentence under these circumstances.

Remanded for resentencing; otherwise affirmed.