368 June 18, 2025 No. 551

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SONNY HER,
*Defendant-Appellant.*

Washington County Circuit Court
23CR18844, 23CR33575; A182635 (Control), A182636

Beth L. Roberts, Judge.

Submitted on May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this consolidated appeal from a judgment of conviction, defendant challenges (1) the trial court's imposition of a one-year driver's license revocation as part of his sentence for unauthorized use of a vehicle (UUV) and (2) the imposition of consecutive sentences on the UUV conviction and on revocation of defendant's probation for possession of a controlled substance.

In his first assignment of error, defendant argues that the sentencing court lacked authority to impose the license revocation based on his admission at sentencing to operating a motor vehicle because doing so is not one of the statutory elements of UUV. We rejected that argument in *State v. Schriner*, 336 Or App 873, 885, 562 P3d 296 (2024), *rev allowed*, 373 Or 712 (2025) (holding that "the court's determination whether a qualifying conviction requires it to order the revocation of a person's driver's license must be based on the entire factual record supporting the conviction" and that the defendant's factual admission to knowingly operating a vehicle without consent of the owner was sufficient to support a revocation).

Defendant did not preserve his second assignment of error on appeal, and we conclude that no plain error occurred on this record in imposing consecutive sentences in his two cases. The sentence on the UUV conviction was imposed consecutively to the sentence for possession of a controlled substance, and those crimes involved separate victims for purposes of Article I, section 44(1)(b), of the Oregon Constitution. *See State v. Lane*, 357 Or 619, 638, 355 P3d 914 (2015) (a sentencing court has authority under Article I, section 44(1)(b), to order a defendant to serve a term of imprisonment imposed on a felony conviction upon revocation of probation consecutively to another, previously imposed sentence, when the underlying crimes have different victims). Consequently, it is at least arguable that the sentencing court had discretion under that provision to impose the consecutive-sentence order at issue, despite any limitation otherwise imposed by OAR 213-012-0040(2). *See State v. Gatewood*, 300 Or App 21, 30, 452 P3d 1046 (2019), *rev den*, 366 Or 257 (2020) (consecutive-sentence order was

proper based on different-victim rationale where one crime had a person as the victim and the other had the state as the victim). Defendant's arguments to the contrary do not persuade us that the imposition of consecutive sentences was plainly erroneous.

Affirmed.